[Cite as *Nationstar Mtge., L.L.C. v. Mielcarek*, 2016-Ohio-60.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC | | C.A. No. 15CA010748 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| AMY MIELCAREK, et al. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 14 CV 183892 |

DECISION AND JOURNAL ENTRY

Dated: January 11, 2016

HENSAL, Presiding Judge.

{¶1} Appellant, Amy Mielcarek, appeals an order of the Lorain County Court of Common Pleas that granted summary judgment to Appellee, Nationstar Mortgage LLC. For the following reasons, this Court affirms.

I.

{¶2} In 2009, Ms. Mielcarek's now-deceased husband, James Mielcarek, executed a promissory note secured by a mortgage on his property located at 1322 Maple Drive, Lorain, Ohio. At that time, the Mielcareks were not married. The mortgage was eventually assigned to Nationstar Mortgage LLC ("Nationstar"), and by 2013, Mr. Mielcarek defaulted on both the note and mortgage by failing to make the required payments.

{¶3} Because Mr. Mielcarek was deceased at the time Nationstar filed suit, Nationstar named Mr. Mielcarek's heirs with a potential interest in the subject property, including Ms. Mielcarek, as defendants. Nationstar asserted two causes of action: (1) breach of promissory

note, and (2) foreclosure. Several months after filing its complaint, Nationstar moved for summary judgment against Ms. Mielcarek, as heir to Mr. Mielcarek's estate, and for default judgment against the remaining heirs, none of whom filed an answer to the complaint. The trial court granted summary judgment in favor of Nationstar and default judgment against the remaining heirs. Ms. Mielcarek now appeals the trial court's decision with respect to its grant of summary judgment, and raises one assignment of error for our review.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE [PLAINTIFF'S] MOTION FOR SUMMARY JUDGMENT.

**{¶4}** Ms. Mielcarek argues that the trial court erred by granting summary judgment in favor of Nationstar because genuine issues of material fact remained to be litigated. To that end, she argues that factual issues remained regarding: (1) her liability as Mr. Mielcarek's widow; (2) the affirmative defenses she raised to Nationstar's claims; (3) Nationstar's apparent lack of standing; and (4) the amount due under the promissory note. As an alternative to reversing the trial court's grant of summary judgment, Ms. Mielcarek requests – albeit improperly – that this Court postpone ruling on Nationstar's motion for summary judgment until "the completion of a proper and full discovery * * * and/or the completion of [Mr. Mielcarek's] Probate case[.]"

**{¶5}** We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8.

**{¶6}** Under Civil Rule 56(C), summary judgment is appropriately rendered when:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing

such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). *Accord Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66 (1978). The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party satisfies its initial burden, the burden then shifts to the non-moving party "to set forth specific facts showing that there is a genuine issue for trial * * *." *Id.*

{¶7} As an initial matter, we note that many of the contentions raised in support of Ms. Mielcarek's assignment of error lack citations to the record or to authority as required under Appellate Rule 16(A)(7). Although Nationstar endeavored to create arguments on Ms. Mielcarek's behalf, we decline to do so. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out."). We, however, "must still review the trial court's decision to determine whether the grant of summary judgment was appropriate." *Sovereign Bank, N.A. v. Singh*, 9th Dist. Summit No. 27178, 2015-Ohio-3865, ¶ 11, quoting *Coleman v. Beachwood,* 8th Dist. Cuyahoga No. 92399, 2009–Ohio–5560, ¶ 36.

{¶8} With respect to her various contentions, Ms. Mielcarek first argues that factual issues remained regarding "her liability concerning the financial responsibility of the property," but provides no explanation or analysis in this regard. Regardless of her obligations under Appellate Rule 16(A)(7), Civil Rule 56 required Ms. Mielcarek to "set forth specific facts showing that there [was] a genuine issue for trial." Civ.R. 56(E). Ms. Mielcarek's conclusory statement below that "genuine issues of material fact remain[ed] to be decided [regarding her] liability" did not satisfy this burden.

**{¶9}** Further, as Nationstar notes, it sought – and received – an in rem judgment only, and it "has not sought to hold [Ms. Mielcarek] liable for anything." *See Moss v. Std. Drug Co.*, 159 Ohio St. 464, 470 (1953) ("Actions in rem are usually defined as proceedings against property itself[.]"). Thus, Ms. Mielcarek's argument regarding her personal liability lacks merit.

**{¶10}** Next, Ms. Mielcarek argues that genuine issues of material fact remained regarding her affirmative defenses to Nationstar's claims. In the affidavit attached to her brief in opposition to Nationstar's motion for summary judgment, Ms. Mielcarek attested that she had "legitimate defenses to present at the trial of this matter[.]" Reference to her affirmative defenses alone, however, did not create a genuine issue of material fact for purposes of Civil Rule 56.

**{¶11}** As this Court has explained, "[t]he burden of proving an affirmative defense rests with the party raising the defense. Since the party raising the affirmative defense carries the burden at trial, that party must produce some evidence in response to a motion for summary judgment from which reasonable minds could find in favor of the defense. If this evidentiary burden is not met, the affirmative defense fails as a matter of law." (Internal citations omitted.) *First Natl. Bank of Ohio v. Cassell*, 9th Dist. Summit No. 16823, 1995 WL 134775, *2 (Mar. 29, 1995). Here, Ms. Mielcarek presented no evidence "from which reasonable minds could find in [her] favor" with respect to the affirmative defenses she raised. *Id.* Her argument, therefore, lacks merit.

**{¶12}** Next, Ms. Mielcarek argues that Nationstar failed to establish that it was the holder of the note and mortgage at the time it filed its complaint and, therefore, that it lacked standing to bring this action. In response, Nationstar argues that it established standing through

an affidavit averring its possession of the note, and by presenting evidence of the unbroken chain of assignments of the mortgage.

{¶13} To prove standing in a foreclosure action, a plaintiff must hold both the note and the mortgage prior to filing the complaint. *BAC Home Loan Serv. v. McFerren*, 9th Dist. Summit No. 26384, 2013–Ohio–3228, ¶ 8. Further, "[t]he holder of a note endorsed in blank is the possessor of the note." *Bank of New York Mellon v. Villalba*, 9th Dist. Summit No. 26709, 2014-Ohio-4351, ¶ 9.

{¶14} Here, Nationstar presented an affidavit averring that it currently possessed the note, which was endorsed in blank, and did so at the time it filed its complaint. The affiant, an assistant secretary at Nationstar, also averred that the borrower failed to make the required payments, and indicated the amount presently due. Additionally, the affiant attached several documents to his affidavit, including the note, mortgage, assignments of the mortgage, and demand letter, all of which supported Nationstar's assertion that it was the holder of both the note and mortgage prior to filing its complaint. Because Nationstar presented evidence demonstrating that it was the valid holder of the note and mortgage, verifying default, and establishing the amount due, it satisfied its burden under Civil Rule 56. *Singh*, 2015-Ohio-3865 at ¶ 11.

{¶15} Ms. Mielcarek, however, did not "set forth specific facts showing that there [was] a genuine issue for trial" with respect to this issue and, therefore, did not meet her burden under Civil Rule 56. *Dresher*, 75 Ohio St.3d at 293. Instead, she presented conclusory statements to support her position that Nationstar lacked standing. Thus, "[a]bsent any evidence to the contrary, the trial court did not err in concluding that [Nationstar] satisfied the prerequisites for a party seeking to foreclose on a mortgage." *Singh*, 2015-Ohio-3865 at ¶ 11.

{¶16} Next, Ms. Mielcarek argues that genuine issues of material fact remained regarding the outstanding balance of the note because "payments were made towards the balance of the mortgage note, and are inaccurately reflected in [Nationstar's motion]." But aside from this bare assertion, Ms. Mielcarek presented no evidence to contradict Nationstar's representations regarding the outstanding balance. She, therefore, failed to meet her burden under Civil Rule 56.

{¶17} Lastly, Ms. Mielcarek requests that, "[i]n the alternative, the Court should postpone ruling on the Motion for Summary Judgment[] until the completion of a proper and full discovery period * * * and/or the completion of [Mr. Mielcarek's] Probate case[.]" Ms. Mielcarek's request, however, is not properly directed to this Court. To the extent that she is attempting to argue that the trial court erred by not postponing its ruling on the motion for summary judgment, her merit brief is devoid of any authority or citations to the record in support her position. *See* App.R. 16(A)(7). Because Ms. Mielcarek has not developed an argument concerning this issue, she has failed to demonstrate any error on the part of the trial court. *Glenmoore Builders, Inc. v. Smith Family Trust*, 9th Dist. Summit No. 24299, 2009-Ohio-3174, ¶ 48.

{¶18} Based on the foregoing, we hold that the trial court did not err by granting Nationstar's motion for summary judgment because no genuine issue of material fact remained to be litigated such that Nationstar was entitled to judgment as a matter of law.

III.

{¶19} Ms. Mielcarek's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

KENNETH J. LEWIS, Attorney at Law, for Appellant.

JOHN B. KOPF, III, Attorney at Law, for Appellee.