[Cite as *Bank of New York Mellon v. Bridge*, 2017-Ohio-7686.]

| | |
|---|---|
| STATE OF OHIO )<br>)ss:<br>COUNTY OF SUMMIT ) | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| THE BANK OF NEW YORK MELLON<br>AS TRUSTEE FOR NATIONSTAR HOME<br>EQUITY LOAN TRUST 2007-B<br><br>    Appellee<br><br>    v.<br><br>SHARON R. BRIDGE, et al.<br><br>    Appellants | C.A. No.     28461<br><br><br>APPEAL FROM JUDGMENT<br>ENTERED IN THE<br>COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO<br>CASE No.     CV-2016-01-0151 |

DECISION AND JOURNAL ENTRY

Dated: September 20, 2017

CALLAHAN, Judge.

{¶1} Appellants, Sharon and Patrick Bridge, appeal from the judgment of the Summit County Court of Common Pleas that granted summary judgment to Appellee, The Bank of New York Mellon as Trustee for Nationstar Home Equity Loan Trust 2007-B ("Bank of New York Mellon"). This Court affirms.

I.

{¶2} In 2006, the Bridges executed a note and mortgage in favor of Nationstar Mortgage, L.L.C. ("Nationstar"). Shortly thereafter, Nationstar executed an allonge to the note indorsed in blank. In 2015, Nationstar assigned the mortgage to Bank of New York Mellon.

{¶3} In 2016, Bank of New York Mellon filed a foreclosure action against the Bridges. After seeking and being granted an extension of time, the Bridges filed a pro se answer to the complaint. The Bridges subsequently obtained counsel who filed a motion to dismiss and/or for

judgment on the pleadings. After the trial court denied that motion, counsel filed an answer for the Bridges.[1]

{¶4} Bank of New York Mellon moved for summary judgment. In support of its motion, Bank of New York Mellon submitted an affidavit from an employee of its servicing agent. The affiant attached a number of documents which he stated were true and accurate copies of the originals, including the payment history, the note and its allonge, the mortgage and its assignment, and the notice of default that was sent to the Bridges.

{¶5} The Bridges did not file any response to the motion for summary judgment. The trial court granted Bank of New York Mellon's motion for summary judgment and entered a decree of foreclosure.

{¶6} The Bridges appeal raising three assignments of error.

II.

**STANDARD OF REVIEW**

{¶7} In all three of the Bridges' assignments of error, they challenge the trial court's grant of summary judgment to Bank of New York Mellon. This Court, therefore, sets forth the standards governing summary judgment as an initial matter.

{¶8} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing

[1]In their appellate brief, the Bridges state that this second answer was filed "with leave of the trial court." The record does not contain a written request or grant to file an amended answer. This Court notes that there was a status conference prior to the filing of the second answer, so it is possible that leave was sought and granted orally.

such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc*., 50 Ohio St.2d 317, 327 (1977).

{¶9}     This Court has repeatedly observed that "[s]ummary judgment consists of a burden-shifting framework."  *See*, *e.g.*, *First Natl. Bank of Pennsylvania v. Nader*, 9th Dist. Medina No. 16CA0004-M, 2017-Ohio-1482, ¶ 9 and *Deutsche Bank Natl. Trust Co. v. James*, 9th Dist. Summit No. 28156, 2016-Ohio-7950, ¶ 7.  The party moving for summary judgment bears the initial burden of demonstrating the absence of genuine issues of material facts concerning the essential elements of the case.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  The moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C).  *Id*. at 292-293.  "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied."  *Id*. at 293.  If the moving party satisfies its burden, then the non-moving party has the reciprocal burden to set forth specific facts demonstrating a genuine issue for trial remains.  *Id*.  The non-moving party "may not rest upon the mere allegations or denials" of the pleadings, but must respond by affidavit or otherwise as provided in Civ.R. 56.  *Id.*, quoting Civ.R. 56(E).

{¶10}  When moving for summary judgment in a foreclosure action, the plaintiff must generally present

> evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5)  the amount of principal and interest due.

(Internal quotation marks and citations omitted.)  *Bank of Am., N.A. v. Edwards*, 9th Dist. Lorain Nos. 15CA010848 and 15CA010851, 2017-Ohio-4343, ¶ 10.

{¶11}  Because the Bridges did not respond to Bank of New York Mellon's motion for summary judgment, summary judgment was appropriately granted if Bank of New York Mellon, as the movant, met its initial burden.  *See Wells Fargo Bank, N.A. v. Awadallah*, 9th Dist. Summit No. 27413, 2015-Ohio-3753, ¶ 13.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT EVEN THOUGH APPELLEE FAILED TO PROVE THAT IT SATISFIED ALL CONDITIONS PRECEDENT MANDATED BY THE NATIONAL HOUSING ACT OF 1934 (12 U.S.C. § 1701 ET SEQ.) AND 42 U.S.C. §3534(a).

{¶12}  In their first assignment of error, the Bridges contend that Bank of New York Mellon was not entitled to foreclosure because it failed to prove that it complied with United States Department of Housing and Urban Development ("HUD") regulations that are conditions precedent to initiating a foreclosure action.  More particularly, they argue that Bank of New York Mellon failed to comply with the notice requirements of 24 C.F.R. 203.602 and the face-to-face meeting requirements of 24 C.F.R. 203.604 that are "[r]elevant to the instant matter."  This Court disagrees.

{¶13}  "[I]f the terms of the note and mortgage subject it to HUD regulations regarding default and acceleration, then a homeowner may use a servicer's failure to comply with those regulations to defend a foreclosure action."  *BAC Home Loan Servicing, LP v. Taylor*, 9th Dist. Summit No. 26423, 2013-Ohio-355, ¶ 14.  But, not all notes and mortgages are subject to those HUD regulations.  *See U.S. Bank Natl. Assn. v. Martz*, 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, ¶ 14 (provisions apply if property secured a HUD-guaranteed loan).  Thus, when faced with a challenge concerning compliance with HUD regulations, a court's first step is

to determine if those regulations are applicable to the note and mortgage at issue. *See JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 17.

{¶14} The Bridges assert that their note and mortgage "expressly incorporated federal law and regulations." They do not cite any specific provision in either the note or the mortgage, but refer to the complaint and motion for summary judgment generally. Loc.R. 7(F) requires that references to the record "be sufficiently specific so as to identify the exact location in the record of the material to which the court must refer and, where applicable, [to] include the title of the item * * * and page or counter number." Despite the Bridges' failure to provide specific references, this Court has reviewed the entire note and mortgage, which were filed with Bank of New York Mellon's motion for summary judgment.

{¶15} The note states that it is governed by Ohio law; it does not contain any sections incorporating federal law. The mortgage references federal law in two sections. On page 2 in section (H), it defines "'[a]pplicable [l]aw'" as including "federal, state and local statutes, regulations, ordinances and administrative rules and orders." On page 11 in section 16, the mortgage states that it is "governed by federal law and the law of the jurisdiction in which the Property is located."

{¶16} This Court has previously found that language, such as this, merely referencing federal law does not demonstrate that HUD regulations are applicable to the mortgage. *Burden*, 2014-Ohio-2746, at ¶ 21. "'[T]he fact that [a] mortgage * * * is subject to federal law does not demonstrate that the mortgage is federally insured or that federal housing regulations have otherwise been incorporated into the agreement.'" *Id*., quoting *Martz*, 2013-Ohio-4555, at ¶ 16. By contrast, this Court has found HUD regulations are applicable when a note and mortgage

contain multiple references to HUD regulations and "unambiguously provide" the lender's rights are so limited. *Taylor*, 2013-Ohio-355, at ¶ 18-19.

{¶17} In the present case, neither the note nor the mortgage reference HUD regulations. The Bridges have not pointed to any evidence demonstrating that HUD regulations were applicable to their loan. Consequently, the Bridges have not shown a genuine issue of material fact remained for trial. *See OneWest Bank, FSB v. Albert*, 5th Dist. Stark No. 2013CA00180, 2014-Ohio-2158, ¶ 17-18 (homeowner could not rely on HUD regulations where there was no Civ.R. 56 evidence demonstrating their applicability to her loan).

{¶18} The Bridges' first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

REVIEWING APPELLEE'S MOTION FOR SUMMARY JUDGMENT DE NOVO, THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE.

{¶19} In their second assignment of error, the Bridges contend that Bank of New York Mellon failed to establish its standing to bring a foreclosure action against them. This Court disagrees.

{¶20} Bank of New York Mellon brought two counts in its complaint – (1) seeking judgment on the note and (2) seeking to foreclose on the property based on the mortgage. To have standing to bring those claims, the plaintiff must hold the note and the mortgage prior to filing the complaint. *Bank of Am., N.A. v. McCormick*, 9th Dist. Summit No. 26888, 2014-Ohio-1393, ¶ 8. When a note is indorsed in blank, the holder is the person in possession of the note. *Id.* A negotiable instrument, such as a note, can be constructively possessed. *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 25. "[A] person is a holder

of a negotiable instrument, and entitled to enforce that instrument, when the instrument is in the physical possession of his or her agent." *Id*.

{¶21} In support of its motion for summary judgment, Bank of New York Mellon submitted an affidavit from an employee of Nationstar. The affiant stated that Nationstar was the servicing agent for Bank of New York Mellon. The affiant described his job duties and responsibilities. He further stated that he had personally reviewed the business records for the Bridges' loan, and that true and accurate copies of the note, allonge, mortgage, and assignment were attached to his affidavit. He averred that the originals were held by Bank of New York Mellon's representative when the action was filed and throughout its pendency.

{¶22} On appeal, the Bridges assert that the mortgage assignment is "bogus" and the blank indorsement is "unenforceable." They present various arguments generally challenging the affidavit and the lack of details concerning the exact circumstances whereby Bank of New York Mellon came to be the holder of the note and mortgage. The Bridges forfeited these arguments by failing to respond to the motion for summary judgment. "When the non-moving party fails to raise an argument when responding to the motion for summary judgment, the party forfeits the right to raise that argument on appeal." *Sovereign Bank, N.A. v. Singh*, 9th Dist. Summit No. 27178, 2015-Ohio-3865, ¶ 11; *see also U.S. Bank Natl. Assn. v. Beach*, 9th Dist. Summit No. 27928, 2016-Ohio-4938, ¶ 10 (failing to challenge the sufficiency of an affidavit in the trial court forfeits that issue on appeal). Thus, this Court's review is limited to whether Bank of New York Mellon met its initial summary judgment burden.

{¶23} Bank of New York Mellon presented an affidavit stating that its representative held the note and the mortgage when the foreclosure was filed and at all times during the pendency of the action. A copy of the note, which included an allonge indorsed in blank, was

attached to the affidavit. A copy of the mortgage and its assignment were also attached. The assignment was dated September 10, 2015, approximately four months before the foreclosure was filed on January 11, 2016. Thus, the affidavit and the documents attached to it met Bank of New York Mellon's initial burden to demonstrate the lack of a genuine issue of material fact regarding its standing to bring the foreclosure action. *See Nationstar Mtge., L.L.C. v. Mielcarek*, 9th Dist. Lorain No. 15CA010748, 2016-Ohio-60, ¶ 14 (finding plaintiff's Civ.R. 56 burden satisfied where affidavit averred possession of a note, indorsed in blank, at time of filing of complaint and currently, and included copies of the note, mortgage, and assignments); *see also Beach* at ¶ 15-16. "Absent a response to the motion for summary judgment, the [Bridges] did not satisfy their reciprocal burden, and the trial court did not err in determining that [Bank of New York Mellon] had standing." *See Singh* at ¶ 10.

{¶24} The Bridges' second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BASED UPON THE PRESENCE OF GENUINE ISSUES OF MATERIAL FACT REGARDING THE APPELLEE'S FAILURE TO PROVIDE SUFFICIENT EVIDENCE OF ENTITLEMENT TO FORECLOSURE AND/OR DAMAGES.

{¶25} In their third assignment of error, the Bridges argue that Bank of New York Mellon failed to submit competent, credible evidence of the status and balance owed on their account and, therefore, failed to demonstrate that they had defaulted on the loan. This Court disagrees.

{¶26} "An affidavit stating the loan is in default, is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments." *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14.

{¶27} Bank of New York Mellon included an affidavit in support of its motion for summary judgment. The affiant averred that the Bridges' account was in default of payment. The affiant attached copies of their payment history and the default notices sent to the Bridges. He verified that these documents were true and accurate copies of the originals. He further stated the amount of the unpaid principal and the interest rate. Thus, Bank of New York Mellon met its initial summary judgment burden. The Bridges did not respond to the motion for summary judgment or present any evidence to contradict Bank of New York Mellon's affiant or documentation.

{¶28} On appeal, the Bridges refer to the payment history as "a convoluted, cryptic document." They continue by arguing that without a proper payment history, there is a genuine issue of material fact regarding their default.

{¶29} The Bridges direct this Court's attention to *Charter One Bank, F.S.B. v. Kobenald Corp.*, 10th Dist. Franklin No. 01AP-886, 2002 WL 433621 (Mar. 21, 2002) for the proposition that "[a] competent, credible, and authenticated payment history or testimony is crucial to a plaintiff-bank proving its case in foreclosure cases."[2] However, *Kobenald* is clearly distinguishable from this case. First, unlike the Bridges, the defendant in *Kobenald* opposed the plaintiff's motion for summary judgment. *Id*. at *1. Further, while the bank in *Kobenald* contended that the account was in default for failure to make the December 1999 payment, the payment record it submitted only went through March 1999. *Id*. at *3. In addition, an affiant for the defendant stated that he had made regular payments through the end of 1999. *Id*. The defendant's affiant further stated that the defendant had two loans with the plaintiff that it paid

---

[2] The Bridges also cite *City Loan & Savs. Co. v. Howard*, 16 Ohio App.3d 185 (2d Dist.1984) for this proposition. *Howard*, however, does not address this issue.

with a single check each month. *Id.* at \*2. Finally, there was evidence from the bank's records that a payment had been received for the second loan in December 1999. *Id.* at \*3. Given this conflicting evidence, the court concluded that summary judgment was not appropriate. *Id.*

{¶30} By contrast, in the present case, there was no conflicting evidence. Bank of New York Mellon submitted a payment history that spanned the time from the loan's origination until after the complaint for foreclosure was filed. This case is unlike *Kobenald* where the submitted payment history stopped nine months before the alleged default. Furthermore, the Bridges did not respond to Bank of New York Mellon's motion for summary judgment. They did not submit or point to any evidence contrary to that submitted by Bank of New York Mellon. By failing to respond to the motion for summary judgment, the Bridges failed to meet their reciprocal burden to demonstrate a genuine issue of material fact remained. *See Mielcarek*, 2016-Ohio-60, at ¶ 16 (bare assertion that payments were not accurately reflected does not meet Civ.R. 56 burden); *see also Swartz*, 2004-Ohio-1986, at ¶ 16 (appellant did not present evidence that the amount owed was incorrect).

{¶31} Finally, the Bridges set forth various statements of law regarding compensatory damages and contract formation. But, they do not explain how these general legal principles apply to the facts of their case. *See* App.R. 16(A)(7). Rather, they simply make the conclusory assertions that "[Bank of New York Mellon] failed to prove compensable damages" and "[the] essential elements [for contract formation] are absent in the instant matter." The Bridges do not further develop these arguments or point to any evidence in the record supporting their conclusions. *See* App.R. 16(A)(7) and Loc.R. 7(F). This Court will not develop an argument on their behalf. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, \*8 (May 6, 1998).

**{¶32}** The Bridges' third assignment of error is overruled.

### III.

**{¶33}** The Bridges' assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
DISSENTS.

APPEARANCES:

A. CLIFFORD THORNTON, JR., Attorney at Law, for Appellants.

JAMES W. SANDY and MELANY K. FONTANAZZA, Attorneys at Law, for Appellee.