[Cite as *Castle CFD Group, L.L.C. v. Kinney*, 2023-Ohio-2980.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Castle CFD Group, LLC                    Court of Appeals No.  L-22-1245

     Appellee                           Trial Court No.  CI0202003274

v.

Kristian Kenney, et al.                  **DECISION AND JUDGMENT**

     Appellants                         Decided:  August 25, 2023

* * * * *

W. Scott Leaman, Jeffrey Helms, Patricia L. Johnson, and
Steven Harding, for appellee.

Abbey M. Flynn, for appellants.

* * * * *

**SULEK, J.**

**{¶ 1}** Appellants, Kristian Kinney and Don Parks, appeal from the order of the Lucas County Court of Common Pleas granting summary judgment in favor appellee Castle CFD Group, LLC ("Castle").  For the reasons that follow, the trial court's judgment is affirmed.

## Factual and Procedural History

{¶ 2} On or about October 24, 2012, Kinney entered into a land contract/contract for deed with CR Capital Group, LLC (the "Land Contract") that provided for the sale of the real property located at 1825 Mansfield Road, Toledo, OH 43613 (the "Property"). The total purchase price for the Property was $19,750.00, with $750 down, and the balance accruing interest at the rate of 9.900% per annum. On December 1, 2012, Kinney executed a promissory note under which she promised to pay lender CR Capital Group, LLC the amount of $19,000.00 (the "Note") for the remaining balance due on the Land Contract.

{¶ 3} On March 13, 2015, CR Capital Group, LLC conveyed the Property to Castle by way of a quit claim deed. On September 24, 2020, CR Capital Group, LLC signed a Seller's Assignment of Land Contract to Castle.

{¶ 4} There was a default in payments under the terms of the Land Contract and Note. Castle sent notice to Kinney on January 14, 2020, that she had defaulted on payments due under the terms of the Land Contract and Note. Castle also provided Kinney an opportunity to cure the default. When she failed to do so, however, Castle accelerated the loan.

{¶ 5} On October 9, 2020, Castle filed a complaint in foreclosure against Kinney and any unknown spouse of Kinney, in the Lucas County Common Pleas Court. Nearly a

2.

year later, on September 1, 2021, Parks was substituted as a defendant in place of Kinney's "unknown spouse."

{¶ 6} In their answer, Kinney and Parks denied Castle's allegations that they had defaulted on the loan and raised several affirmative defenses, including failure to state a cause of action, failure to make a definite statement upon which relief may be granted, and lack of jurisdiction. They did not, however, assert the affirmative defense of "payment."

{¶ 7} Castle subsequently filed a motion for summary judgment along with the affidavit of its manager, Victor Narr. Based on his review of Castle's business records and his own personal knowledge, Narr established (1) Kinney's default in payments under the terms of a land contract for certain real property and an associated promissory note; and (2) the amount that was due on the loan -- specifically $13,819.74, with interest at the rate of 9.900% per annum from September 1, 2019, plus costs, advances, and other charges allowed by law. Narr also authenticated copies of relevant documents, including: (1) the land contract and the corresponding note, (2) a deed conveying the subject property from a prior interest holder to Castle, (3) the notice of default that Castle mailed to Kinney, and (4) the payment history and account figures for the loan.

{¶ 8} Kinney and Parks filed their response to the motion on September 9, 2022, arguing that they were not in default or in breach of contract. Specifically, they stated that "all payments have either been made, attempted to be made, or have been sent back

3.

to Defendant by Plaintiff or their agents." They further stated that "Plaintiff has failed to keep an accurate accounting of payments made by Defendants which is included in the amount claimed in this Complaint." Finally, they stated that there was a genuine issue of material fact as to whether "Plaintiff has included in the balance owed charges that Defendant would not be responsible for." They also attached unauthenticated e-mails that appear to have been sent by Kinney several years prior to the filing of the instant case. Kinney and Parks did not provide any evidence that was authenticated by affidavit.

{¶ 9} On September 27, 2022, the trial court issued an order granting the motion for summary judgment in favor of Castle. An Entry and Decree in Foreclosure (in rem) and Quieting Title was issued by the trial court on November 14, 2022. It is from these decisions that Kinney and Parks now appeal.

### Assignments of Error

{¶ 10} Appellants assert the following assignments of error on appeal:

I. The trial court committed reversible error in granting Appellee's motion for summary judgment and holding there were no genuine issues of material fact.

II. The trial court erred in granting the motion for summary judgment when there was a genuine issue of material fact regarding charges assessed by Appellee in the accounting.

4.

**Analysis**

{¶ 11} Kinney and Parks claim in their first assignment of error that the trial court committed reversible error in granting Castle's motion for summary judgment and in holding that there were no genuine issues of material fact. They argue in their second assignment of error that the trial court erred in granting the motion for summary judgment, as there was a genuine issue of material fact regarding the charges assessed by Castle in the accounting. As the issues involved in these two assignments of error overlap, they will be considered together in this analysis.

{¶ 12} An appellate court reviews de novo a trial court's decision to grant summary judgment. *Chalmers v. HCR ManorCare, Inc.*, 2017-Ohio-5678, 93 N.E.3d 1237, ¶ 21 (6th Dist.). Summary judgment will be granted only when "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact," show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). "The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment." *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 9. "[O]nce the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party 'may not rest upon the mere allegations or denials of the party's pleadings, but the party's

5.

response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.'" *Id.*, quoting Civ.R. 56(E).

{¶ 13} Under Civ.R. 56(C), evidence that may be considered when deciding a motion for summary judgment includes the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any." "Documents that do not fall into any of those categories may still be considered in a summary judgment proceeding if they are introduced by a properly framed affidavit." *Thombre v. Grange Ins. Co.*, 6th Dist. Lucas No. L-21-1014, 2021-Ohio-3998, ¶ 12. "And, although the Ohio Supreme Court has held that a court retains discretion to consider evidence that is not specified in Civ.R. 56(C), it may only exercise that discretion if the opposing party does not object to the improper evidence." *Id.*

{¶ 14} "In a foreclosure case, the amount due and owing on a note can be proven by a simple averment of the amount owed from a bank employee with personal knowledge of the debtor's account unless the debtor refutes the alleged amount with evidence that he owes a different amount." *Deutsche Bank Natl. Tr. Co. v. Boreman*, 6th Dist. Ottawa No. OT-18-031, 2020-Ohio-3545, ¶ 58 (additional citations omitted). "An affidavit stating the loan is in default, is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments." *Bank of New York Mellon v. Bridge*, 2017-Ohio-7686, 97 N.E.3d 1009, ¶ 26 (9th Dist.).

6.

**{¶ 15}** "Once evidence of an obligation is established, the burden is upon the defendant to prove any payments." *Loudakis v. Loudakis*, 2d Dist. Greene No. 92-CA-30, 1993 WL 155663, *1 (May 10, 1993). "[P]ayment is an affirmative defense to an action on a debt, and is consistent with the general principle that the burden of proof should be upon that party who is in the best position to come forward with evidence." *Id.*

**{¶ 16}** "'Documents submitted in opposition to a motion for summary judgment [that] are not sworn, certified, or authenticated by affidavit have no evidentiary value and may not be considered by the court in deciding whether a genuine issue of material fact remains for trial.'" *Thombre v. Grange Ins. Co.,* 6th Dist. Lucas No. L-21-1014, 2021-Ohio-3998, ¶ 14, quoting *Battaglia v. Conrail*, 6th Dist. Lucas No. L-08-1332, 2009-Ohio-5505, ¶ 42. (Additional quotation omitted.)

**{¶ 17}** In this case, Castle supported its motion for summary judgment with Narr's affidavit, which detailed facts regarding the Land Contract and Note, Kinney's default, and the amount due Castle. He also authenticated "true and accurate" copies of the Land Contract, the Note, the deed conveying the property from a prior interest holder to Castle, the notice of default that Castle mailed to Kinney, and the payment history and account figures for the loan.

**{¶ 18}** The affidavit establishes that Castle is the owner of the Property and the assignee of the Land Contract. It also includes and authenticates a payment history for the loan, which demonstrates that Kinney failed to make all of the required payments, and

7.

that Kinney's loan is due for the October 1, 2019 payment and all subsequent payments. The affidavit further shows that the amount due on the loan is $13,819.74, with interest at the rate of 9.900% per annum from September 1, 2019, plus costs, advances, and other charges as allowed by law. Thus, the affidavit establishes both the default and the amount that is due in this foreclosure action.

{¶ 19} This discharge of Castle's initial burden triggered the reciprocal burden on the part of Kinney and Parks to provide some evidence to support their claims that the loan is not in default and/or to challenge the amount due on the loan. They failed to do so.

{¶ 20} As evidence that they were not in default on the loan, Kinney and Parks submitted copies of various e-mails purportedly sent by Kinney to the lender, wherein she complains of difficulties in making certain payments or in having them improperly applied to her loan.

{¶ 21} Because Kinney and Parks failed to authenticate the documents submitted in response to Castle's motion for summary judgment, they have no evidentiary value and, therefore, cannot be considered by the court in deciding whether a genuine issue remains for trial.

{¶ 22} Moreover, insofar as Kinney and Parks assert that the unauthenticated e-mails demonstrate that they were not in default of the loan, the defense of payment has been waived.

8.

{¶ 23} Ohio law is clear that a defendant must plead the affirmative defense of payment in its answer, or by amendment under Civ.R. 15, or it waives that defense. *HSBC Mtge. Corp. v. Latona*, 10th Dist. Franklin No. 15AP-401, 2016-Ohio-3137, citing *Blackwell v. Internatl. Union, United Auto Workers Local No. 1250*, 21 Ohio App.3d 110, 111, 487 N.E.2d 334 (8th Dist.1984)*,* citing Civ.R. 8(C); *see also Joseph v. Ohio Fair Plan Underwriting Assoc.*, 6th Dist. Lucas No. L-82-004, 1982 WL 6432, *1 (June 4, 1982) ("Civ. R. 8(C) specifically lists payment as an affirmative defense which must be pled.") "A party may not rebut a motion for summary judgment by raising a new affirmative defense in its opposition to summary judgment." *DeFoe v. Schoen Builders, LLC,* 6th Dist. Wood No. WD-18-031, 2019-Ohio-2255, ¶ 40, citing *Stanwade Metal Prods. v. Heintzelman*, 158 Ohio App.3d 228, 2004-Ohio-4196, 814 N.E.2d 572, ¶ 22 (11th Dist.); *see also Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 320 N.E.2d 668 (1974), syllabus.

{¶ 24} In this case, Kinney and Parks waived the affirmative defense of payment by failing to raise it in their answer; therefore, they could not raise this defense for the first time in response to Castle's motion for summary judgment.

{¶ 25} In sum, the evidence provided by Castle establishes that Kinney is in default under the terms of the Land Contract and Note, the amount due on the loan, and all other elements of Castle's claims. Because Kinney and Parks both (1) waived any defense of payment and (2) failed to provide any proper evidence showing that there is a

9.

genuine issue of material fact, their first and second assignments of error are found not well-taken.

## Conclusion

{¶ 26} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                    _____
                                                                  JUDGE
Christine E. Mayle, J.

Charles E. Sulek, J.                                  _____
CONCUR.                                                        JUDGE

                                                                 _____
                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.