[Cite as *Sovereign Bank, N.A. v. Singh*, 2015-Ohio-3865.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| SOVEREIGN BANK, N.A. | | C.A. No. 27178 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KALA SINGH CHIMA, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | | CASE No. CV-2013-02-0814 |

DECISION AND JOURNAL ENTRY

Dated: September 23, 2015

CARR, Judge.

{¶1} Appellants, Kala Singh Chima and Rajinder Kaur Chima, appeal the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This foreclosure action was initiated on February 2, 2013, when Sovereign Bank, NA, filed a complaint concerning two parcels of land located at 1035 Merriman Road, Akron, Ohio. Sovereign Bank named numerous defendants in the complaint, including Kala Singh Chima and Rajinder Kaur Chima, who are husband and wife. The Chimas filed an answer admitting that they entered into a mortgage loan agreement with Sovereign Bank, but generally denying the remaining allegations in the complaint.

{¶3} On October 17, 2013, Sovereign Bank filed a motion for summary judgment. The Chimas did not respond to the motion. On November 7, 2013, the trial court granted summary judgment in favor of Sovereign Bank and issued a judgment entry and decree of foreclosure.

{¶4} The Chimas filed a timely notice of appeal. Now before this Court, they raise four assignments of error.

II.

### ASSIGNMENT OF ERROR I

WHEN TRIAL COURT GRANTED SUMMARY JUDGMENT IN SOVEREIGN BANK'S FAVOR, THERE WERE GENUINE ISSUES REGARDING WHETHER SOVEREIGN BANK HAD STANDING AND WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

### ASSIGNMENT OF ERROR II

WHEN THE TRIAL COURT GRANTED SUMMARY JUDGMENT IN SOVEREIGN BANK'S FAVOR, PREREQUISITE STANDARDS HAD NOT BEEN COMPLIED WITH AND/OR FALSE MISREPRESENTATION OF INFORMATION.

### ASSIGNMENT OF ERROR III

WHEN THE TRIAL COURT GRANTED SUMMARY JUDGMENT TO SOVEREIGN BANK, THE DUE PROCESS RIGHTS OF THE CHIMA[]S UNDER THE OHIO AND FEDERAL CONSTITUTIONS WERE VIOLATED.

### ASSIGNMENT OF ERROR IV

WHEN THE TRIAL COURT GRANTED SUMMARY JUDGMENT ON THE LOAN MODIFICATION OF 2011, IT WRONGFULLY PLACED THE CHIMAS IN A PROHIBITED AND UNFAIR PREDATORY LOAN.

{¶5} In their first assignment of error, the Chimas argue that Sovereign Bank does not have standing. In their second, third, and fourth assignments of error, the Chimas argue that the trial court made substantive errors in ruling on the motion for summary judgment. This Court disagrees.

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and

resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶7} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶9} We note that "[a] foreclosure requires a two[-]step process." (Internal quotations and citations omitted.) *Natl. City Bank v. Skipper*, 9th Dist. Summit No. 24772, 2009-Ohio-5940, ¶ 25. "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." *CitiMortgage, Inc. v. Firestone*, 9th Dist. Summit No. 25959, 2012-Ohio-2044, ¶

11. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." (Internal quotations and omitted.) *Skipper* at ¶ 25.

{¶10} With respect to standing, the Chimas argue that Sovereign Bank merged into Santander Bank, but there are no recorded documents of the merger, buyout, or the assignment of their mortgage. A review of the record reveals that in their answer to the complaint, the Chimas "admit[ted] to entering into a mortgage loan agreement with Plaintiff Bank." Subsequently, in support of its motion for summary judgment, Sovereign Bank attached the affidavit of its representative, Nicole Julian, who averred that Sovereign Bank was in possession of the note and that the documents attached to the motion demonstrated that Sovereign Bank had standing. In addition to certified copies of the note and mortgage, Sovereign Bank attached an assignment evidencing that the mortgage was assigned to Sovereign Bank in 2001. The Chimas did not respond to the motion for summary judgment. Absent a response to the motion for summary judgment, the Chimas did not satisfy their reciprocal burden, and the trial court did not err in determining that Sovereign Bank had standing.

{¶11} In their second, third, and fourth assignments of error, the Chimas raise numerous arguments pertaining to questions of material fact, misrepresentations in the certificate of readiness, possible due process violations, and various public policy issues. Unfortunately, this Court cannot address the merits of the appellants' remaining arguments as they have been forfeited because the Chimas did not raise them in the trial court by responding to Sovereign Bank's motion for summary judgment. When the non-moving party fails to raise an argument when responding to the motion for summary judgment, the party forfeits the right to raise that argument on appeal. *Kelley v. Ruf*, 181 Ohio App.3d 534, 2009-Ohio-1215, ¶ 15 (9th Dist.).

While the Chimas make numerous arguments on appeal, they did not raise those arguments before the trial court. Moreover, by failing to respond to the motion for summary judgment, they failed to provide any Civ.R. 56 evidence to demonstrate the existence of a genuine issue of fact for trial. *See Coleman v. Beachwood*, 8th Dist. Cuyahoga No. 92399, 2009-Ohio-5560, ¶ 36. "However, we must still review the trial court's decision to determine whether the grant of summary judgment was appropriate." *Id*. Here, in addition to providing certified copies of the note and mortgage, as well as an assignment evidencing that the mortgage was duly assigned to Sovereign Bank, the bank attached an affidavit from its foreclosure administrator indicating that the Chimas had failed to make payments since October 1, 2012, and owed $181,828.78. Sovereign Bank also attached a notice of default sent to Kala Singh in December 2012. As Sovereign Bank presented evidence in support of its motion showing that it was the valid holder of the note and mortgage, verifying default, and establishing an amount due, Sovereign Bank satisfied its burden as the moving party. *Dresher*, 75 Ohio St.3d at 292-293. Absent any evidence to the contrary, the trial court did not err in concluding that Sovereign Bank satisfied the prerequisites for a party seeking to foreclose on a mortgage.

{¶12} With respect to determining whether foreclosure is an equitable remedy, a majority of this Court has taken the position that we will refrain from undertaking an equitable analysis under circumstances such as this where the appellant did not properly raise the issue. *See Skipper* at ¶ 26; *Chase Home Fin. LLC v. Byrd*, 9th Dist. Summit No. 26572, 2013-Ohio-3217, ¶ 12, *but see Byrd* at ¶ 18 (Carr, P.J., dissenting).

{¶13} For the foregoing reasons, the Chimas' four assignments of error are overruled.

{¶14} We further note that the Chimas have filed a motion for admission of exhibits in this Court. Upon due consideration, the motion is denied.

III.

**{¶15}** The assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ROBERT L. OLDHAM, Attorney at Law, for Appellants.

MATTHEW J. RICHARDSON, Attorney at Law, for Appellee.