[Cite as *Nexus Gas Transmission, L.L.C. v. Houston*, 2016-Ohio-5771.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| NEXUS GAS TRANSMISSION, LLC | C.A. No. 15CA0085-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONALD R. HOUSTON, et al. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellants | CASE No. 15CIV0636 |

DECISION AND JOURNAL ENTRY

Dated: September 12, 2016

MOORE, Judge.

{¶1} Defendants Donald R. Houston, Adele H. Borling, Donald E. Borling, and Dorothy J. Morris ("the landowners") appeal from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2015, Nexus Gas Transmission, LLC ("Nexus") filed a complaint for declaratory judgment and injunctive relief against the landowners. In its complaint, Nexus alleged that the landowners refused to permit Nexus to access their lands in order to conduct survey activities to determine the suitability of placing a natural gas line across the landowners' properties. Thereafter, Nexus filed a motion for partial summary judgment on its claims for declaratory judgment. The landowners opposed the motion and later filed a countermotion for summary judgment. The trial court granted Nexus' motion for partial summary judgment, declaring that Nexus had a statutory right to access the properties to conduct survey activities

under both R.C. 1723.01 and R.C. 163.03. The trial court certified its entry in accordance with Civ.R. 54(B). The landowners timely appealed, and they now present six assignments of error for our review. We have reordered and consolidated certain assignments of error to facilitate our discussion.

II.

## ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED IN DETERMINING THAT [R.C.] 1723.01 PROVIDES NEXUS WITH AUTHORITY TO ENTER UPON THE [LANDOWNERS'] LANDS WHERE NEXUS IS NOT PRESENTLY SEEKING TO APPROPRIATE ANY PROPERTY.

{¶3} In their third assignment of error, the landowners argue that the trial court erred in granting Nexus summary judgment because R.C. 1723.01 permits Nexus to enter onto their lands only when the company is appropriating the lands.

{¶4} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶5} Pursuant to Civ.R. 56(C), summary judgment is proper only if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶6} Here, in its complaint Nexus sought two declarations pursuant to R.C. Chapter 2721. In Count 1 of its complaint, it sought a declaration that it is a company organized for the purpose of transporting natural gas through tubing, pipes, or conduits. In Count 2 of its

complaint, Nexus sought a declaration that it has the right to enter onto the landowners' property to survey the land pursuant to R.C. 1723.01 and/or 163.03. The trial court granted summary judgment in favor of Nexus on both of these counts. The landowners do not dispute on appeal the propriety of summary judgment on the first count of the complaint. However, the landowners challenge the trial court's determination that summary judgment was appropriately granted to Nexus on the second count of its complaint.

{¶7} In its motion, Nexus argued that it had the right to enter onto the properties pursuant to both R.C. 1723.01 and 163.03. The trial court agreed. In this assignment of error, the landowners argue that R.C. 1723.01, independently of R.C. 163.03, does not grant Nexus authority to enter onto their lands.

{¶8} R.C. 1723.01 provides:

If a company is organized for the purpose of * * * transporting natural * * * gas * * * through tubing, pipes, or conduits * * *; then such company may enter upon any private land to examine or survey lines for its tubing, pipes, [and] conduits, * * * and may appropriate so much of such land, or any right or interest therein, as is deemed necessary  for the laying down or building of such tubing, conduits, [and] pipes * * *.

{¶9} Because it is a company organized for the purpose of transporting natural gas through tubing, pipes, or conduits, the trial court held that, pursuant to the plain language of R.C. 1723.01, Nexus had the right to enter onto private land to conduct surveying activities. In opposing summary judgment on this basis, the landowners maintained that Nexus could survey their lands under R.C. 1723.01 only when "necessary[,]" and a survey is not necessary prior to Nexus commencing appropriation proceedings.

{¶10} However, the phrase "as is deemed necessary" qualifies the language in R.C. 1723.01 that grants the right to appropriate. *See* R.C. 1723.01 ("*and may appropriate so much of such land*, or any right or interest therein, *as is deemed necessary* for the laying down or building

of such tubing, conduits, [and] pipes * * *.") (Emphasis added.). Nonetheless, the landowners argue that the "and" between the right of entry and the right of appropriation in R.C. 1723.01 indicates that the right of entry is conditional on the appropriation of the land. We are not persuaded that the statute's use of "and" denotes contingency. Instead, it is joining two predicates of the sentence ("may enter * * *" *and* "may appropriate * * *") for its application on the same sentence subject (the gas line company). *See Merriam-Webster's Collegiate Dictionary* 46 (11th Ed.2005) ("and" may be "used to join sentence elements of the same grammatical rank or function"). There is no language in R.C. 1723.01 that conditions the right to survey on appropriation or necessity. The language of the statute clearly and unambiguously provides that, if a company is of the type listed in that statute, it "may enter upon any private land to examine or survey lines for its tubing, pipes, [and] conduits[.]" R.C. 1723.01.

{¶11} Given that this statute lacks ambiguity, we are constrained to apply it as written. *See Roxane Laboratories, Inc. v. Tracy*, 75 Ohio St.3d 125, 127 (1996) ("The principles of statutory construction require courts to first look at the specific language contained in the statute, and, if the language is unambiguous, to then apply the clear meaning of the words used."); *see also State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, ¶ 18. Consequently, because there is no challenge to the trial court's determination that Nexus is a company organized for the purpose of transporting natural gas through tubing, pipes, or conduits, R.C. 1723.01 provides statutory authority for Nexus to enter the properties to conduct surveys. Therefore, the trial court did not err in granting summary judgment on Nexus' claim for a declaration that it had a right to enter onto the landowners' property to conduct surveys for its pipeline project. Accordingly, to this extent, the landowners' third assignment of error is overruled.

**{¶12}** Additionally, in their third assignment of error, the landowners maintain that, as a matter of statutory interpretation, R.C. 1723.01 is a general statute, and R.C. 163.03 is a more specific statute. *See* R.C. 1.51. The landowners appear to suggest that, although pursuant to their interpretation of these statutes there is no conflict, if R.C. 1723.01 does not condition the right to survey on the filing of a petition for appropriation, then alternatively it "might be read to conflict" with R.C. 163.03. Accordingly, they maintain that R.C. 163.03, as the more specific statute, should "rule the day[]" because, where R.C. 1723.01 may generally describe a power of entry afforded to a gas pipeline company, R.C. 163.03 sets out specific requirements for exercising that right of entry.

**{¶13}** However, the landowners failed to raise the argument pertaining to the relative specificity of, or potential conflict between, these statutes in the trial court. Although this Court reviews the trial court's decision on summary judgment to determine whether it was appropriate, "[w]hen the non-moving party fails to raise an argument when responding to the motion for summary judgment, the party forfeits the right to raise that argument on appeal." *Sovereign Bank, N.A. v. Singh*, 9th Dist. Summit No. 27178, 2015-Ohio-3865, ¶ 11, citing *Kelley v. Ruf*, 181 Ohio App.3d 534, 2009-Ohio-1215, ¶ 15 (9th Dist.). We conclude that summary judgment was appropriately granted to Nexus on the basis of the plain language of R.C. 1723.01. The landowners' have forfeited arguments as to any potential conflict between, and relative specificity of, R.C. 1723.01 and 163.03, because they did not raise these arguments below. To this extent, we decline to reach the merits of the third assignment of error, and this portion of the assignment of error is overruled on this basis.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN PERMITTING NEXUS A RIGHT OF ENTRY TO LANDS OWNED BY THE [LANDOWNERS] FOR PURPOSES OF CONDUCTING SURVEY ACTIVITIES WHERE NEXUS IS, IN FACT, NOT FILING A PETITION PURSUANT TO R.C. 163.05; R.C. 163.03 SPECIFICALLY REQUIRES THAT PRIOR TO AN AGENCY ENTERING UPON LANDS FOR PURPOSES OF MAKING SURVEYS, THE AGENCY MUST BE "FILING" A PETITION PURSUANT TO R.C. 163.05.[]

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED IN FINDING THAT NEXUS QUALIFIES AS AN "AGENCY" PURSUANT TO [R.C.] 163.03.

**{¶14}** In their second assignment of error, the landowners argue that the trial court erred in not finding that the right of entry conferred by R.C. 163.03 is contingent upon the intent to file a petition under R.C. 163.05. In their fourth assignment of error, the landowners argue that the trial court erred in granting Nexus summary judgment on its claim for declaratory judgment because it is not an "agency" within the meaning of R.C. 163.03.

**{¶15}** In ruling on the motion for summary judgment, the trial court concluded that R.C. 1723.01, independently of R.C. 163.03, provided Nexus with the right to enter onto the landowners' property to conduct its surveys. Because Nexus sought a declaration that it had this right of entry pursuant to either R.C. 1723.01 or R.C. 163.03 or both, and we concluded in our discussion of the third assignment of error that the trial court did not err in determining that R.C. 1723.01 provided Nexus with this right, we need not reach arguments challenging the trial court's determinations as to R.C. 163.03. *See* App. R. 12(A)(1)(c).

**{¶16}** Accordingly, we decline to address the merits of the landowners' second and fourth assignments of error, and these assignments of error are overruled on this basis.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN NOT REQUIRING THAT NEXUS FOLLOW FEDERAL LAW AND FEDERAL REGULATIONS WITH RESPECT TO ITS CLAIMED RIGHT OF ENTRY TO LANDS OWNED BY THE [LANDOWNERS].

## ASSIGNMENT OF ERROR V

IF THE TRIAL COURT'S INTERPRETATION OF R.C. 1723.01 ALLOWS THE RIGHT OF ENTRY TO PRIVATE LANDS WITHOUT THE CONSTRAINTS IMPOSED BY R.C. 163.01 TO 163.22, [THE LANDOWNERS] RESPECTFULLY ASSERT THAT[,] IN THAT CASE, R.C. 1723.01 IS UNCONSTITUTIONAL.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED IN ALLOWING NEXUS TO ENGAGE IN SURVEY ACTIVITIES THAT CONSTITUTE A "TAKING" OF PROPERTY FOR WHICH THE PROPERTY OWNER IS ENTITLED TO PRIOR COMPENSATION PURSUANT TO [ARTICLE I, SECTION 19,] OF THE OHIO CONSTITUTION.

{¶17} In their first assignment of error, the landowners argue that the trial court should have required Nexus to follow federal regulations for entry onto the properties. In their fifth assignment of error, the landowners argue that, if R.C. 1723.01 permits the right of entry onto private lands without compliance with the procedures set forth in R.C. 163.03, then R.C. 1723.01 is unconstitutional. In their sixth assignment of error, the landowners argue that the trial court erred by permitting a temporary taking of their properties without requiring compensation prior to such a taking.

{¶18} The arguments raised in the landowners' first, fifth, and sixth assignments of error were not raised in opposition to Nexus' motion for summary judgment. *See Sovereign Bank, N.A.*, 2015-Ohio-3865, at ¶ 11, citing *Kelley*, 181 Ohio App.3d 534, 2009-Ohio-1215, at ¶ 15. We recognize that the arguments presented in the first and sixth assignments of error were raised to a certain extent in the landowners' combined countermotion for summary judgment or

judgment on the pleadings. Assuming without deciding that the arguments advanced below in the countermotion were sufficient to preserve these arguments for appeal, we cannot discern the application, if any, of these arguments to Nexus' claims for declaratory judgment that it had a right under R.C. 1723.01 "and/or" R.C. 163.03 to enter the landowners' properties to conduct surveys for the planned pipeline project. To the extent that these arguments apply to the propriety of judgment in favor of the landowners on Nexus' claim for injunctive relief, the trial court has not yet ruled on the Nexus' claim for injunctive relief. Accordingly, insofar as these arguments are meant to challenge injunctive relief, they would be premature.

{¶19} Therefore, for the reasons set forth above, we decline to reach the merits of the landowners' first, fifth, and sixth assignments of error, and these assignments of error are overruled on these bases.

### III.

{¶20} The landowners' assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

GREGORY A. HUBER, Attorney at Law, for Appellants.

DAVID A. MUCKLOW, Attorney at Law, for Appellant.

JAMES J. HUGHES, III, FRANK L. MERRILL, WILLIAM D. MASON, and MATTHEW W. WARNOCK, Attorneys at Law, for Appellee.