[Cite as *Somerfield v. Budz*, 2019-Ohio-4804.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ROBERT SOMERFIELD BY: STEPHEN SOMERFIELD, FIDUCIARY | : | |
| | : | Appellate Case No. 28437 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. CVG 1801938 |
| v. | : | (Civil Appeal from Municipal Court) |
| | : | |
| GAIL BUDZ, et al. | : | |
| | : | |
| Defendants-Appellants | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of November, 2019.

. . . . . . . . . . .

LAURENCE A. LASKY, Atty. Reg. No. 0002939, 130 West Second Street, Suite 830, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

ANDREW J. ZEIGLER, Atty. Reg. No. 0081417, 1340 Woodman Drive, Dayton, Ohio 45432
    Attorney for Defendants-Appellants

. . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Defendants-appellants, Gail Budz and Renee Budz, appeal from the trial court's final order of May 23, 2019, in which the court entered judgment in favor of Plaintiff-appellee, Stephen Somerfield, fiduciary for the Estate of Robert Somerfield, on his complaint for forcible entry and detainer. Appellants argue that the court erred by disregarding the equitable interest they claim to have in the premises at issue, and by excluding evidence purportedly showing that the Estate acknowledges the validity of their interest. Additionally, Appellants argue that the Estate's trial counsel might have caused them unfair prejudice by accusing them and their own trial counsel of violating Civ.R. 11. We find that Appellants' arguments are not well taken, and the trial court's final order of May 23, 2019, is therefore affirmed.

## I. Facts and Procedural History

**{¶ 2}** In 2013, Renee Budz sought to purchase a residence in the Dayton area, but she could not afford the property she had in mind—4901 Shiloh View Drive in Harrison Township. Transcript of Proceedings 59:25-60:17, May 22, 2019. The late Robert Somerfield, who was Renee Budz's uncle and Gail Budz's brother, apparently consented to help by purchasing the property himself, although the trial court struck Renee Budz's account of the details of the arrangement from the record. *See id.* at 60:15-62:18.

**{¶ 3}** In July 2015, some two years after Appellants began living on the property, Robert Somerfield asked that they execute a lease; according to Renee Budz, Somerfield explained that he made the request "for tax purposes." *Id.* at 68:2-69:4 and Plaintiff's Ex. 1. Appellants agreed, and the lease took effect on August 1, 2015. *Id.* at Plaintiff's Ex. 1. The lease established a month-to-month tenancy and required monthly payments

of rent in the amount of $650.00.  *Id.*

{¶ 4} On September 27, 2018, Appellee sent Appellants a notice by certified mail in which he demanded that they vacate the property no later than October 31, 2018.  *See id.* at Plaintiff's Exs. 2-3.  The grounds stated in the notice were "[n]on-payment of [rent for] ten (10) months * * * and sale of premises."  *Id.*  Appellants did not leave, so Appellee served them with a three-day notice to vacate pursuant to R.C. 1923.04 on November 13, 2018.  *Id.* at 9:14-10:18 and Plaintiff's Ex. 10.  Again, Appellants did not leave.

{¶ 5} On behalf of the Estate of Robert Somerfield, Appellee commenced an action for forcible entry and detainer against Appellants on November 20, 2018.  The matter was tried to the bench on May 22, 2019, and on May 23, 2019, the trial court entered a final order and entry of restitution in which it granted judgment on the complaint in Appellee's favor.  Appellants timely filed a notice of appeal to this court on June 10, 2019.

## II. Analysis

{¶ 6} Appellants' first and second assignments of error are closely related, so we review them together.  For their first assignment of error, Appellants contend that:

> THE TRIAL COURT ERRED BY GRANTING RESTITUTION OF
>
> THE REAL ESTATE LOCATED AT 4901 SHILOH DRIVE, DAYTON,
>
> OHIO 45414 [sic] TO APPELLEE BECAUSE APPELLANTS HAVE AN
>
> INTEREST IN SAID REAL ESTATE VIA A CONSTRUCTIVE TRUST.

And for their second assignment of error, Appellants contend that:

> THE TRIAL COURT ERRED IN HOLDING APPELLANTS DO NOT
>
> HAVE AN INTEREST IN THE REAL ESTATE LOCATED AT 4901 SHILOH

VIEW DRIVE, DAYTON, OHIO 45414 [sic] BECAUSE THE ESTATE'S AGREEMENT TO SELL SAID REAL ESTATE TO APPELLANTS IS AN ADMISSION APPELLANTS HAVE AN INTEREST IN THE REAL ESTATE.

{¶ 7} At trial, Renee Budz testified that in connection with her occupancy of 4901 Shiloh View Drive, she paid an unspecified amount to her uncle every month during an unspecified interval; the context in which she offered her testimony suggests that she was referring to her occupancy of the property prior to the execution of the lease. *See* Transcript of Proceedings 62:23-63:14 and 66:24-67:1. In addition to these direct payments, Budz testified further that she effectively paid her uncle an unspecified amount "in kind" by making repairs to the property. *See id.* at 62:23-67:8. Budz claimed "that [she thus] paid [a total of $47,645.00] traceable to [her] uncle."[1] *Id.* at 62:23-63:14 and 66:24-67:1.

{¶ 8} Alluding to the foregoing testimony, Appellants argue in their first assignment of error that because "of the significant repairs" for which Renee Budz paid, the Estate of Robert Somerfield holds the property in a constructive trust for their benefit. *See* Appellants' Brief 4.[2] In their second assignment of error, Appellants argue that the estate has admitted that they "have an interest" in the property by offering to sell it to them on terms that would violate R.C. 2127.011 and 2127.012. Appellants' Brief 5-6. Neither of these arguments has merit.

---

[1] Budz now claims that she "paid at least $62,381.51." Appellants' Brief 4.

[2] Appellants' counsel failed to comply with the requirements set forth in Loc.R. 5.1 of the Second District Court of Appeals, which required counsel to include his Supreme Court registration number on the brief.

**{¶ 9}** The "standard of review following a civil bench trial is whether the trial court's judgment [was] against the manifest weight of the evidence." *Downtime Rebuild, L.L.C. v. Trinity Logistics, Inc.*, 2019-Ohio-1869, ___ N.E.3d ___, ¶ 12 (1st Dist.). Accordingly, a judgment supported by competent, credible evidence should not be reversed on appeal. *See Huntington Natl. Bank v. Miller*, 10th Dist. Franklin No. 14AP-586, 2016-Ohio-5860, ¶ 13, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). An appellate court applying this standard "is guided by a presumption that the [trial court's] findings of [fact were] correct." *Id.*, citing *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

**{¶ 10}** In their first assignment of error, Appellants argue that the Estate of Robert Somerfield has been unjustly enriched as the result of Renee Budz's expenditures for repairs to the property, thereby warranting the imposition of a constructive trust. To prevail in an action for forcible entry and detainer based on tenants' non-payment of rent, a plaintiff must prove that: (1) he and the tenants executed a lease; (2) he is the landlord of the leased premises; (3) he delivered a written notice pursuant to R.C. 1923.04(A) three or more days before commencing the action; and (4) the tenants failed to pay rent in compliance with the terms of the lease. *See, e.g.*, *Ohio Jury Instructions*, CV Section 613.01 (Rev. May 2019). Here, the basis of Appellee's action against Appellants was non-payment of rent. Complaint, Vandalia M.C. No. 2018-CVG-1938 (Nov. 20, 2018), ¶ 2.

**{¶ 11}** During the trial, Appellee proved that Appellants and Robert Somerfield entered into a month-to-month lease for 4901 Shiloh View Drive, effective August 1, 2015. Transcript of Proceedings, 13:12-13:25, 68:1-69:14 and Plaintiff's Ex. 1. Appellee

proved, further, that he had standing to bring the action against Appellants, having been appointed fiduciary of the Estate of Robert Somerfield by the Montgomery County Probate Court; that he served Appellants with a three-day notice to vacate, as required by R.C. 1923.04(A); and that Appellants had failed to pay rent for several months.[3]  *Id.* at 9:14-10:18, 14:16-16:2, 25:10-26:10, and Plaintiff's Exs. 5 and 10.

{¶ 12} Presented with this evidence, the trial court found that Appellants were in breach of their lease, and it ordered restitution of the property to Appellee.   The evidence before the court was competent, credible and largely unrefuted.   Therefore, we find that the court did not enter judgment contrary to the manifest weight of the evidence.

{¶ 13} Although Appellants insist that the court should have found that they "have an interest in [the property] via a constructive trust," they did not file an answer or a counterclaim, meaning that they had no claim pending before the court on which relief could have been granted.   *See Bowshier v. Bowshier*, 2d Dist. Clark No. 2012 CA 40, 2013-Ohio-297, ¶ 21-24.   Nevertheless, even if Appellants had filed a counterclaim, a claim for unjust enrichment would not have operated as a defense to Appellee's complaint because an " 'action in forcible entry and detainer is solely a possessory action' " that " 'does not determine the title to real property.' "   *Id.* at ¶ 21, quoting *Haas v. Gerski*, 175 Ohio St. 327, 330, 194 N.E.2d 765 (1963).   The " 'gist of the action,' " in other words, " 'is the right to <u>present</u> possession.' "   (Emphasis added.)   *Id.*, quoting *Haas* at 330.

---

[3] In the complaint, Appellee alleged that Appellants were "in arrears in the amount" of $6,500.00."   Complaint, Vandalia M.C. No. 2018-CVG-1938 (Nov. 20, 2018), ¶ 2.   At trial, Renee Budz answered in the negative when asked whether she or her mother had made "any payments * * * pursuant to [the] [l]ease * * * in 2019."   Transcript of Proceedings 15:6-15:9.

Appellants, moreover, maintain that they have a possessory interest in the property based on an alleged oral agreement between Renee Budz and Robert Somerfield, but any such agreement would have been superseded by the lease that Appellants executed in 2015. Appellants' first assignment of error is overruled.

{¶ 14} In their second assignment of error, Appellants fault the trial court for "holding [that they] do not have an interest in the real estate located at 4901 Shiloh View Drive" because the Estate of Robert Somerfield admitted that they do have an interest by "agree[ing] to sell [the property] to [them]" on terms contrary to the requirements of R.C. 2127.011 and 2127.012. Appellants' Brief 5. The court, however, did not make the asserted finding, and, within the context of a forcible entry and detainer action, there was no reason to do so. Order and Entry of Restitution 1, May 23, 2019. Appellants' second assignment of error is overruled.

{¶ 15} For their third and last assignment of error, Appellants contend that:

THE MAY 8, 2019[,] LETTER SENT BY LAURENCE LASKY TO COUNSEL FOR APPELLANTS AND COPIED TO THE JUDGE AND MAGISTRATE OF THE VANDALIA MUNICIPAL COURT AS WELL AS THE JUDGE OF THE MONTGOMERY COUNTY PROBATE COURT WAS PREJUDICIAL AND WARRANTS A NEW TRIAL.

{¶ 16} Finally, Appellants argue that they were unfairly prejudiced as the result of a letter sent by Appellee's counsel to the magistrate who conducted the bench trial, to the judge who signed the order of restitution, and to Judge McCollum of the Montgomery County Probate Court, in which counsel allegedly accused Appellants and their counsel of violating Civ.R. 11. See Appellants' Brief 7. That letter has not been made part of

the record, and Appellants consequently have failed to satisfy their burden of affirmatively demonstrating error. *See, e.g.*, *Camp v. Star Leasing Co.*, 10th Dist. Franklin No. 11AP-977, 2012-Ohio-3650, ¶ 67 (noting that an "appellant bears the burden of affirmatively demonstrating error on appeal"). For that matter, we see no evidence of the alleged prejudice in the transcript of the trial or in the order of restitution, and given that we have found that the trial court did not err by entering judgment in Appellee's favor, we conclude that Appellants have not demonstrated that they are entitled to a new trial. Appellants' third assignment of error is overruled.

### III. Conclusion

**{¶ 17}** We find that the trial court received competent, credible evidence sufficient to support its entry of judgment in favor of Appellee on his complaint against Appellants for forcible entry and detainer. Furthermore, we find that the trial court entered no ruling on Appellants' asserted interest in the property at 4901 Shiloh View Drive, and that Appellants have not demonstrated that the trial court's judgment against them was the result of unfair prejudice. Therefore, the trial court's judgment of May 23, 2019, is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Laurence A. Lasky
Andrew J. Zeigler
Hon. Cynthia M. Heck