[Cite as *Budz v. Somerfield*, 2023-Ohio-155.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| GAIL BUDZ et al. | : | |
| Appellees | : | C.A. No. 29550 |
| | : | |
| v. | : | Trial Court Case No. 2021 CV 03126 |
| | : | |
| ROBERT SOMERFIELD ESTATE OF et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellants | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 20, 2023

. . . . . . . . . . .

ANDREW J. ZIEGLER, Attorney for Appellees

LEE C. FALKE, Attorney for Appellants

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} The estate of Robert Somerfield and Stephen F. Somerfield ("Somerfield"), its fiduciary, appeal from the trial court's denial of their motion for summary judgment and its grant of Renee Budz and Gail Budz's motion for summary judgment. For the following

reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} The following facts are derived from Renee and Gail's evidence in support of their motion for summary judgment and the publicly-available online dockets of related court proceedings. *See, e.g., Huber Hts. Veterans Club, Inc. v. Grande Voiture d'Ohio La Societe des 40 Hommes et 8 Chevaux*, 2d Dist. Montgomery No. 29078, 2021-Ohio-2695, ¶ 33 (courts may take judicial notice of judicial opinions and public records that are accessible via the internet). Somerfield and the estate did not provide evidentiary materials in support of their motion for summary judgment.

{¶ 3} Renee Budz is the niece of Robert Somerfield, who is now deceased. We infer that Gail is Renee's mother/Robert's sister.

{¶ 4} According to Renee's affidavit (Pls' Ex. C), Renee relocated from Chicago to Dayton in early 2013. While looking for a home to purchase, she found a property located at 4901 Shiloh View Drive. Renee, however, was unable to obtain financing, and accordingly, her uncle, Robert, purchased the property. As part of this arrangement, Robert wanted Renee to give him "spending money" every month and, in exchange, Robert would give Renee the house upon his death. In reliance on these representations, Renee paid a significant amount of money out of her own funds to improve the property, as the property was uninhabitable when it was purchased. Pls' Ex. B, C.

{¶ 5} Renee moved into the property in July 2013 and began paying Robert approximately $650 per month in cash. Renee also paid all real estate taxes,

homeowner's insurance, and necessary repairs. The parties agree that, in July 2015, Robert asked Renee to sign a written residential lease agreement, which she did.

{¶ 6} Robert died on January 2, 2018. Renee stated that, upon his passing, she learned that Robert had a trust in Illinois; the trustee told her that she was not going to receive the property. Because Robert resided in Illinois but had property in Ohio, an estate was opened in Montgomery County, Ohio as an ancillary administration. Somerfield was appointed the fiduciary of Robert's ancillary estate on July 27, 2018. *See In re Estate of Robert Somerfield*, Montgomery P.C. No. 2018-EST-01440. In October 2018, Somerfield filed an inventory which identified only the Shiloh View property. Renee filed an exception to the inventory, claiming that the property should not be included as an asset of the estate and seeking a constructive trust. Pls' Ex. A. Soon thereafter, in November 2018, the estate filed a forcible entry and detainer action against Renee and Gail in Vandalia Municipal Court. *Somerfield v. Budz*, Vandalia M.C. No. CVG1801938.

{¶ 7} The probate court held a hearing on the exceptions in December 2018, and the parties reached an agreement that Renee would apply for a mortgage to purchase the real estate. Renee never obtained financing. On May 23, 2019, the estate obtained a writ of restitution in the eviction action, but Gail and Renee remained at the property pending appeal.

{¶ 8} Four days after the estate received the writ of restitution, a tornado struck the property, causing significant damage. The damage included broken windows, fallen trees, roof damage, and complete destruction of the rear porch. Pls' Ex. C. Renee

made numerous phone calls to Somerfield regarding the damage caused by the tornado, but Somerfield did not return any of her calls. Renee states that, "[b]ecause the property was uninhabitable and the Executor of the Estate refused [to] respond or to take any action, out of necessity, I was forced to expended [sic] $31,000.00 of my own funds to protect the property from further damage and cause the property to be habitable. This included $5,000.00 to repair the porch and $26,000.00 for tree removal." Renee reportedly obtained cash to pay for those repairs by selling gold that she had purchased over the years as an investment.

{¶ 9} In October 2019, the estate filed an action against Renee and Gail in common pleas court, seeking unpaid rent. *Somerfield v. Budz*, Montgomery C.P. No. 2019 CV 4807. In response, Renee and Gail raised as an affirmative defense: "Defendants have made significant repairs and improvements to the property, thus unjustly enriching Plaintiff, any such demand must be reduced by the amount that Plaintiffs have been unjustly enriched." *Somerfield v. Budz*, Montgomery C.P. No. 2019 CV 4807 (Answer, Jan. 9, 2020).

{¶ 10} In late November 2019, we affirmed the municipal court's judgment in the eviction action. *Somerfield v. Budz*, 2d Dist. Montgomery No. 28437, 2019-Ohio-4804. Gail and Renee were removed from the Shiloh View property on January 22, 2020. *See Somerfield v. Budz*, Vandalia M.C. No. CVG1801938 (docket).

{¶ 11} Two days later, on January 24, 2020, Renee and Gail filed monetary claims related to the Shiloh View property in the probate case. The first claim sought $25,000 for personal injuries and $25,000 for personal property damage due to the estate's

negligence following the 2019 tornado. Pls' Ex. D. The second claim sought $58,145.00 for reimbursement of repairs Renee had made to the real property. Pls' Ex. E. Both documents were signed by Renee and notarized. On March 13, 2020, Somerfield rejected the claim for personal injuries and personal property damage (Pls' Ex. F), and he asked for a 30-day extension of time to respond to the pending claim (Pls' Ex. G). Somerfield never filed a document specifically accepting or rejecting the reimbursement claim.

{¶ 12} In August 2020, the parties reached an agreement in the common pleas court action. They agreed to a judgment of $16,350 in favor of the estate on its claim for unpaid rent, that the parties would work together to get those funds released from the municipal court clerk's office and paid to the estate, and that the fiduciary would file a notice of satisfaction of judgment when the funds were paid. They further agreed that "Defendants may pursue a separate action against the estate for alleged personal injuries suffered as a result of their occupancy in the unit." *Somerfield v. Budz*, Montgomery C.P. No. 2019 CV 4807 (Agreed Dismissal Entry, Aug. 20, 2020). The entry did not address the pending claim in probate court for reimbursement of repair expenses.

{¶ 13} A final account was filed in the probate court in November 2020. Pls' Ex. H. The final account reflects that the Shiloh View property had been sold. Renee again objected to the account, noting that her claim for $58,145 had not yet been rejected. Pls' Ex. I. On November 16, 2020, Somerfield opposed the exception. He noted that Renee and Gail had raised in the common pleas court action the affirmative defense that they had made significant repairs and improvements to the property. He further indicated that

Gail and Renee had failed to notify him about the need for repairs after the tornado and any repairs made to the property were unauthorized. In addition, Somerfield argued that the Rejection of Claim filed on March 13, 2020, addressed the entirety of Gail and Renee's claims, and they had failed to file a timely suit under R.C. 2117.12. Next, Somerfield asserted that the claim arose out of the same transaction or occurrence as was the subject of the civil proceeding, and the claim was barred by the doctrine of res judicata. Somerfield also asserted that, pursuant to R.C. 2117.11, his silence in not allowing the claim constituted a rejection. Finally, he stated, "in response to Claimants' Exception to the Final Account, the Fiduciary has now specifically rejected the portion of Claimants' filing referred to in their Exception."

{¶ 14} A magistrate scheduled a hearing on the final account and exceptions. At the hearing, Renee reportedly was given additional time to file a reply to Somerfield's opposition memorandum. Renee did not file a reply memorandum. Somerfield moved for approval of final account and dismissal of the exception. On June 1, 2021, the probate court approved the final account filed by the estate. Pls' Ex. J. The probate court's entry did not address the exception.

{¶ 15} On August 2, 2021, Gail and Renee filed the instant suit against the estate and Somerfield, seeking to recover $58,145 that she failed to receive as part of the final account. The answer denied that Renee and Gail were entitled to payment on their claim and sought $5,000 from Renee and Gail as damages for frivolous conduct. The estate and Somerfield also raised as affirmative defenses that the claims were barred by the doctrine of res judicata and were not timely filed under R.C. 2117.11.

{¶ 16} The estate and Somerfield attached numerous exhibits to their answer: (1) Renee's Nov. 12, 2018 exception to inventory; (2) the March 10, 2020 probate court order noting that Renee was unable to obtain a mortgage to purchase the real estate; (3) Renee's exception to final account; (4) Somerfield's May 6, 2021 motion to approve final account and dismiss exception; (5) the probate court's June 1, 2021 entry approving and settling account; (6) the complaint for back rent in common pleas court; (7) a copy of the lease agreement; (8) Gail and Renee's answer to the complaint for back rent; (9) the agreed dismissal entry in the common pleas court case; and (10) a printout of the docket sheet for the probate case.

{¶ 17} On April 28, 2022, the parties filed cross-motions for summary judgment. In their motion, the estate and Somerfield couched Gail and Renee's action as an improperly-filed appeal from the probate court's final judgment approving the final account. They asked for summary judgment in the amount of $5,000 on their counterclaim. No exhibits were attached to the motion.

{¶ 18} Renee and Gail's motion for summary judgment asserted that their claim was properly filed under R.C. 2117.12, which authorizes an action on a rejected claim within two months after the rejection. They contended that the probate court's approval of the final account was a de facto rejection of their claim. As to the merits of the claim itself, they argued that the estate had been unjustly enriched in two instances: (1) when Renee spent $27,145 to make the residence habitable, with Robert's knowledge and consent, and (2) when she made repairs of approximately $31,000 after the May 2019 tornado. They supported their arguments with ten exhibits, including an affidavit by

Renee, an itemized list of payments made to Robert, receipts from repairs performed in 2013, 2016, and 2018, copies of the notarized claims against the estate, the rejection of claim, the request for extension to respond to the pending claim, the final account, Renee's exception to the final account, and the probate court's approval of the final account.

{¶ 19} No party filed a memorandum in opposition to the others' motion for summary judgment.

{¶ 20} On July 14, 2022, the trial court granted Gail's and Renee's motion for summary judgment and denied the estate and Somerfield's motion for summary judgment. The court first reasoned that Gail and Renee properly filed their claim under R.C. 2117.12 in the court of common pleas; it rejected the assertion that this matter should have been brought as an appeal. Upon review of Gail and Renee's claims, the court concluded that they had paid $28,170 for repairs, as substantiated by the documents and receipts attached to their motion for summary judgment. The court noted that the estate and Somerfield did not refute those amounts or demonstrate a genuine issue of material fact as to those claims. The trial court further stated: "However, although Plaintiffs assert that the[y] paid an additional $31,000.00 for porch repair and tree removal, there does not appear to be any evidence in support of this contention, other than Plaintiffs' statement in an affidavit. Therefore, the Court finds that Plaintiffs are entitled to judgment as a matter of law, and damages in the amount of $28,170.00."

{¶ 21} The estate and Somerfield appeal from the trial court's judgment. Renee and Gail have not filed a cross-appeal.

## II. Review of Summary Judgment Ruling

{¶ 22} In their sole assignment of error, the estate and Somerfield claim that the trial court erred in denying their motion for summary judgment and granting Renee and Gail's motion for summary judgment. First, they argue that Renee and Gail's claim was the subject of the prior civil action in common pleas court and, therefore, was barred by the doctrine of res judicata. As part of that argument, Somerfield and the estate assert that Renee and Gail had the burden to address affirmative defenses in their motion for summary judgment. Second, Somerfield and the estate contend that the claims for reimbursement were barred by the statute of limitations in R.C. 2117.12. We note that res judicata and statute of limitations are affirmative defenses under Civ.R. 8(C).

{¶ 23} In response, Gail and Renee assert that Somerfield and the estate have waived their affirmative defenses by not raising them at the summary judgment phase. They argue that Somerfield and the estate should not be given a second chance on appeal to raise issues that first should have been raised in the trial court. Gail and Renee emphasize that, pursuant to *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, a plaintiff moving for summary judgment does not bear the initial burden of addressing the nonmoving party's affirmative defenses. We agree with Renee and Gail.

{¶ 24} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor*

*Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The substantive law of the claim or claims being litigated determines whether a fact is "material." *Perrin v. Cincinnati Ins. Co.*, 2020-Ohio-1405, 153 N.E.3d 832, ¶ 29 (2d Dist.).

{¶ 25} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Dresher* at 293. Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 26} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

{¶ 27} Somerfield and the estate argue that Renee and Gail did not meet their

initial summary judgment burden because they did not address the affirmative defenses. Somerfield and the estate rely on *ABN AMRO Mtge. Group v. Meyers*, 159 Ohio App.3d 608, 2005-Ohio-602, 824 N.E.2d 1041 (2d Dist.), in which we held: "[I]n order to demonstrate the absence of any genuine issue of material fact for trial (and thereby to obtain a complete summary judgment), [the plaintiff-moving party] bore the initial burden to address the [defendant-nonmoving party's] affirmative defenses in its motion for summary judgment." *Id.* at ¶ 8; *see ABN Amro Mtge. Group, Inc. v. Arnold*, 2d Dist. Montgomery No. 20530, 2005-Ohio-925, ¶ 16.

{¶ 28} However, the Ohio Supreme Court has since held that "[a] plaintiff or counterclaimant moving for summary judgment does not bear the initial burden of addressing the nonmoving party's affirmative defenses." *Todd Dev.*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, syllabus. The Court explained, in part:

> [T]here is no requirement in the Civil Rules that a moving party must negate the nonmoving party's every possible defense to its motion for summary judgment. To the contrary, Civ.R. 56(E) states that a party opposing summary judgment may not rest upon its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. If a moving party meets the standard for summary judgment required by Civ.R. 56, and a nonmoving party fails to respond with evidence of a genuine issue of material fact, a court does not err in granting summary judgment in favor of the moving party.

*Id.* at ¶ 14. Consequently, our holding in *ABN AMRO* is no longer good law. *See Credit*

*Invests., Inc. v. Obanion*, 2d Dist. Montgomery No. 26129, 2014-Ohio-5799, ¶ 19 (recognizing that the supreme court "explicitly rejected the rationale this court applied in *ABN AMRO*"). Somerfield's and the estate's argument regarding Renee and Gail's initial burden fails on the authority of *Todd*, which is dispositive.

{¶ 29} Renee and Gail argue that we should not address Somerfield and the estate's appellate arguments, because they were not raised before the trial court. In essence, the estate and Somerfield claim on appeal that their affirmative defenses (res judicata and statute of limitations) have merit and judgment should have been entered in their favor.

{¶ 30} It is well settled that arguments raised for the first time on appeal will not be considered by an appellate court. *Powell v. Cleveland*, 8th Dist. Cuyahoga No. 111338, 2022-Ohio-4286, ¶ 53. This rule applies when reviewing decisions on motions for summary judgment. *Id.*; *Whitson v. One Stop Rental Tool & Party*, 2017-Ohio-418, 84 N.E.3d 84, ¶ 17 (12th Dist.). "[A]lthough we review summary judgment decisions de novo, 'the parties are not given a second chance to raise arguments that they should have raised below.' " *Hamper v. Suburban Umpires Assn.*, *Inc.*, 8th Dist. Cuyahoga No. 92505, 2009-Ohio-5376, ¶ 27, quoting *Perlmutter v. People's Jewelry Co.*, 6th Dist. Lucas No. L-04-1271, 2005-Ohio-5031, ¶ 29. We have held that "[a]ny error committed by the trial court in granting summary judgment is waived if the non-moving party fails to file a brief or evidence in opposition or fails to challenge the movant's evidence." *USA Freight, L.L.C. v. CBS Outdoor Group, Inc.*, 2d Dist. Montgomery No. 26425, 2015-Ohio-1474, ¶ 21.

**{¶ 31}** Similarly, if the nonmoving party fails to raise an issue when responding to the moving party's motion for summary judgment, the nonmoving party has waived that issue on appeal. *E.g., Great Lakes Window, Inc. v. Resash, Inc.*, 11th Dist. Trumbull No. 2006-T-0114, 2007-Ohio-5378, ¶ 24; *Sovereign Bank, N.A. v. Singh*, 9th Dist. Summit No. 27178, 2015-Ohio-3865, ¶ 11 ("When the non-moving party fails to raise an argument when responding to the motion for summary judgment, the party forfeits the right to raise that argument on appeal."); *Whitson* at ¶ 17 (party appealing a summary judgment ruling cannot advance new theories or raise new issues to secure reversal); *Hanick v. Ferrara*, 2020-Ohio-5019, 161 N.E.3d 1, ¶ 115 (7th Dist.) ("The appellate court need not rule on a new legal argument which was waived by failing to raise it with the trial court when responding to a summary judgment motion."); *Tchankpa v. Ascena Retail Group, Inc.*, 10th Dist. Franklin No. 19AP-760, 2020-Ohio-3291, ¶ 20 ("The failure to raise an argument in response to a motion for summary judgment waives the argument for purposes of appellate appeal."); *Bank of Am., N.A. v. Thompson*, 2d Dist. Montgomery No. 26316, 2015-Ohio-456, ¶ 19 ("In a foreclosure action, a homeowner's grounds for challenging a summary judgment decision not raised in the trial court are waived, and may not be raised for the first time on appeal.").

**{¶ 32}** This court has recognized limited circumstances where the rule is not strictly applied. For example, we permitted a party to raise a new issue on appeal in the "exceptional circumstance" where there was an intervening change in the law by a higher authority. *Davis v. Buckeye State Mut. Ins. Co.*, 2d Dist. Miami No. 2002-CA-48, 2004-Ohio-5795, ¶ 18-20 (*Galatis* constituted a significant change in the law, permitting a legal

argument to be made on appeal that was not made in the trial court). We have also stated that, if the nonmoving party raises "the basic question at issue" when opposing summary judgment in the trial court, "the mere fact that the specific argument being made in the appellate court was not made in the trial court does not preclude consideration of the issue," provided the opposing party is not unfairly surprised. *Marcum v. Newbauer*, 2d Dist. Montgomery No. 10630, 1988 WL 35313, *1 (Mar 17, 1988). Neither of these circumstances exists here.

{¶ 33} In this case, Somerfield's and the estate's motion for summary judgment asserted that "this case" was originally filed in the probate court and was "improperly appealed and filed" in the common pleas court. They wrote: "To be an effective appeal of a decision of the [probate court], the appeal must be filed in the Ohio Second District Court of Appeals for Montgomery County, Ohio pursuant to Ohio Revised Code, §2101.42." Somerfield and the estate did not seek summary judgment on Renee and Gail's claim on the ground that the claim was barred by res judicata, nor did they challenge the timeliness of the action based on the statute of limitations in R.C. 2117.12. They also did not file a memorandum in opposition to Renee and Gail's motion for summary judgment. In short, Somerfield and the estate failed to seek summary judgment on their affirmative defenses, and Renee and Gail's summary judgment motion went unchallenged in the trial court. Somerfield and the estate cannot raise their defenses now, for the first time, on appeal.

{¶ 34} Somerfield's and the estate's assignment of error is overruled.

### III. Conclusion

**{¶ 35}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .


TUCKER, J. and LEWIS, J., concur.